# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ST. VINCENT CATHOLIC CHARITIES,

    Plaintiff,

v.

INGHAM COUNTY BOARD OF
COMMISSIONERS,

    Defendant.

Civil No. 1:19-CV-1050

Hon. Robert J. Jonker

**DEFENDANT'S MOTION TO DECLINE ENTRY OR SET ASIDE DEFAULT**

Lori H. Windham
Mark L. Rienzi
Nicholas R. Reaves
William J. Haun
The Becket Fund for Religious Liberty
1200 New Hampshire Ave. NW
Suite 700
Washington, DC 20036
lwindham@becketlaw.org
Telephone: (202) 955-0095
Facsimile: (202) 955-0090

William R. Bloomfield (P68515)
Catholic Diocese of Lansing
228 N. Walnut Street
Lansing, Michigan 48933-1122
(517) 342-2522
wbloomfield@dioceseoflansing.org
*Attorneys for Plaintiff*

Bonnie G. Toskey (P30601)
Sarah K. Osburn (P55539)
Cohl, Stoker & Toskey, P.C.
601 N. Capitol Avenue
Lansing, Michigan 48933
(517) 372-9000
btoskey@cstmlaw.com
sosburn@cstmlaw.com
*Attorneys for Defendant*

### DEFENDANT INGHAM COUNTY BOARD OF COMMISSIONERS' MOTION TO DECLINE ENTRY OF OR TO SET ASIDE DEFAULT

Defendant Ingham County Board of Commissioners, through counsel, respectfully moves this Court to decline entry of default, or alternatively to set aside default if entered, and in support thereof shows as follows:

1. Defendant, through Counsel, voluntarily agreed to accept service of the Summons and Complaint by e-mail on December 18, 2019.

2. By Stipulation of the parties and with this Court's approval (ECF 14, PageID 146-147), the time for answering the Complaint was extended to January 22, 2020.

3. In lieu of filing an Answer, Defendant opted to file its F.R.Civ.P. 12(b)(6) Motion to Dismiss (ECF 19, PageID 421-451), supported by five exhibits (ECF 19-1 through 19-5, PageID 453-482) on January 22, 2020.

4. F.R.Civ.P. 12(b), "[a] motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed."

5. In addition to the Motion to Dismiss, Defendant was preoccupied with research, preparation and filing (on January 10, 2020) of its Answer (ECF 15, PageID 148-150), Brief in Opposition (ECF 16, PageID 151-210), and Rebuttal Brief (ECF 20-1, PageID 487-508—filed January 23, 2020) in response to Plaintiff's Motion for Preliminary Injunction (ECF 5, PageID 52-55) and supporting Brief (ECF 5-2) filed on December 16, 2019, and Reply in support (ECF 17) filed January 17, 2020.

6. In the meantime, the Court entered its Case Management Order on February 27, 2020 (ECF 26, PageID 560), setting a dispositive motion deadline of March 31, 2020.

7. The Plaintiff's Motion for Preliminary Injunction was denied as moot "[i]n light of these developments and the ongoing dispositive motion practice" (ECF 30, PageID 777-778) on April 7, 2020.

8. In addition to the foregoing, Defendant was further preoccupied with preparation and filing (on April 28, 2020) of its Answer (ECF 31, PageID 779-794) and Brief in Opposition (ECF 32, PageID 795-834) to Plaintiff's Motion for Partial Summary Judgment (ECF 28, PageID 580-585) and supporting Brief (ECF 28-1, PageID 587-645) filed March 31, 2020.

9. After the Court on April 7, 2020, initially scheduled oral argument on the Motion to Dismiss and Motion for Partial Summary Judgment for June 19, 2020 (ECF 29), oral argument was canceled (ECF 34) on June 13, 2020, and the Court entered its Opinion and Order on September 18, 2020, granting dismissal in part and denying dismissal in part and denying partial summary judgment without prejudice (ECF 36, PageID 940-950).

10. On September 21, 2020, the Court entered its Rule 16 Scheduling Conference Order (ECF 37, PageID 951-955).

11. Defendant, per F.R.Civ.P. 12(a)(4)(A), was required to file an Answer to the Complaint within 14 days of the Court's September 18, 2020 ruling (ECF 36), or by October 2, 2020.

12. The fact that an Answer had not been filed traditionally was lost to consciousness and literally slipped under Defense Counsels' radar; this case is a true aberration in Defense Counsel's experience because she has always filed an answer first, rather than a dispositive motion, and given the passage of time and large number of Briefs that had been filed, she failed to recall that this case had been approached differently.

13. Defense Counsel first realized an Answer was overdue when they received notice of Plaintiff's Application for Default (ECF 38, PageID 956-957) on October 13, 2020; there having been no prior communication from Plaintiff's Counsel regarding the Answer being overdue.

14. Defense Counsel immediately prepared and filed an Answer and Affirmative Defenses the very same date (ECF 39, PageID 960-1003).

15. As of the time this Motion is being prepared, no default has yet been entered; however, entry of default may be a ministerial duty of the Clerk, so this Motion seeks either to request that the Clerk decline entry of default under the circumstances, or to have the Court set aside default under the circumstances.

16. This Motion, with additional pertinent facts, is supported by the accompanying Brief in Support of Motion to Decline or Set Aside Entry of Default.

WHEREFORE Defendant respectfully moves to Decline Entry of Default, or in the alternative to Set Aside Default.

Respectfully submitted,

Dated: October 14, 2020     By:  /s/ Bonnie G. Toskey
                                  Bonnie G. Toskey (P30601)
                                  Sarah K. Osburn (P55539)
                                  Cohl, Stoker & Toskey, P.C.
                                  Attorneys for Defendant
                                  601 N. Capitol Avenue
                                  Lansing, MI 48933
                                  (517) 372-9000
                                  btoskey@cstmlaw.com
                                  sosburn@cstmlaw.com