UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ST. VINCENT CATHOLIC CHARITIES,

                Plaintiff,

v.

INGHAM COUNTY BOARD OF
COMMISSIONERS,

                Defendant.

Civil No. 1:19-CV-1050

Hon. Robert J. Jonker

Lori H. Windham
Mark L. Rienzi
Nicholas R. Reaves
William J. Haun
The Becket Fund for Religious Liberty
1919 Pennsylvania Ave NW, Ste 400
Washington, DC 20006
lwindham@becketlaw.org
Telephone: (202) 955-0095
Facsimile: (202) 955-0090

William R. Bloomfield (P68515)
Catholic Diocese of Lansing
228 N. Walnut Street
Lansing, Michigan 48933-1122
(517) 342-2522
wbloomfield@dioceseoflansing.org
*Attorneys for Plaintiff*

Bonnie G. Toskey (P30601)
Sarah K. Osburn (P55539)
Cohl, Stoker & Toskey, P.C.
601 N. Capitol Avenue
Lansing, Michigan 48933
(517) 372-9000
btoskey@cstmlaw.com
sosburn@cstmlaw.com
*Attorneys for Defendant*

**DEFENDANT INGHAM COUNTY BOARD OF COMMISSIONERS' OBJECTIONS TO
MAGISTRATE'S REPORT AND RECOMMENDATION (ECF NO. 92)**

# TABLE  OF CONTENTS

Standard of Review ........................................................................................................ 1

Argument ....................................................................................................................... 2

    Objection #1:   The Magistrate's Report and Recommendation failed to properly consider the relationship between the limited relief obtained ($4,800) and the attorney fees awarded ($1,012,223, or $211 in attorney fees for every $1 recovered) ........................... 2

    Objection #2:  In accepting SVCC's claim for 1,890.6 attorney hours, the Magistrate's Report and Recommendation erred by awarding fees for unsuccessful (and unrelated) claims while ignoring the fact that ICBC's Attorneys, non-specialists in civil rights litigation, expended only 613.4 hours, and $104,025 in attorney fees, to successfully defend 6 of 7 principal claims advanced by SVCC ................................................................. 3

    Objection #3:   The Magistrate's Report and Recommendation erred in allowing unreasonable hourly rates for attorney fees ........................................................................ 6

Conclusion ..................................................................................................................... 8

Certificate of Compliance ............................................................................................. 10

# INDEX OF AUTHORITIES

**CASES:**

**U.S. Supreme Court**

*Blum v. Stenson*, 465 U.S. 886 (1984) .........................................................................7

*City of Riverside v. Rivera*, 477 U.S. 561 (1986)...........................................................2

*Hensley v. Eckerhart,* 461 U.S. 424 (1983) ........................................................... 2, 5-7

*Perdue v. Kenny A ex rel. Winn*, 559 U.S. 542 (2010) ..................................................7

*Pollard v. E.I. du Pont de Nemours & Co.*, 532 U.S. 843 (2001).................................4

**Sixth Circuit Court of Appeals**

*Adcock-Ladd v. Secretary of Treasury,* 227 F.3d 343 (6th Cir. 2000) .............................7

*Coulter v. Tennessee*, 805 F.2d 146 (6th Cir. 1986) ........................................................8

*Flournoy v. Marshall*, 842 F.2d 875 (6th Cir. 1988) ......................................................1

*Hadix v. Johnson*, 65 F.3d 532 (6th Cir. 1995) ..............................................................8

*Hudson v. Reno*, 130 F.3d 1193 (6th Cir. 1997).............................................................4

*Imwalle v. Reliance Metal Products, Inc.*, 515 F.3d 531 (6th Cir. 2008).........................5

*Massey v. City of Ferndale*, 7 F.3d 506 (6th Cir. 1993) ..................................................1

*McCombs v. Meijer, Inc.,* 395 F.3d 346 (6th Cir. 2005)...................................................1

*O'Brien v. Ed Donnelly Enterprises, Inc.*, 575 F.3d 567 (6th Cir. 2009) ........................6

*Richard v. Caliber Home Loans, Inc.*, 832 Fed.Appx. 940 (6th Cir. 2020) .....................4

*United States Fidelity & Guar. Co. v. Thomas Solvent Co.*, 955 F.2d 1085 (6th Cir. 1992)............1

*U.S. Structures, Inc. v. J.P. Structures, Inc.*, 130 F.3d 1185 (6th Cir. 1997) .....................5

**Michigan Federal District Courts**

*Buck v. Gordon*, Case No. 1:19-cv-0286 (W.D. Mich.) ...................................................................8

*Lensing v. Potter*, 2015 W.L. 10892073 (W.D. Mich. 2015) ..........................................................7

**Other Federal District Courts**

*Neff v. General Motors Corp.*, 163 F.R.D. 478 (E.D. Pa. 1995) .......................................................3

**COURT RULES:**

Fed. R. Civ. P. 72(a) .......................................................................................................................1

W.D. Mich. L.Civ.R. 7.3(b)(1)........................................................................................................5

W.D. Mich. L.Civ.R. 72.3(a)...........................................................................................................1

Defendant Ingham County Board of Commissioners ("ICBC"), by its Attorneys, Cohl, Stoker & Toskey, P.C., pursuant to W.D. Mich. L.Civ.R. 72.3(a), submits this Objections to Magistrate Green's Report and Recommendation (ECF No. 92, PageID.2689-2701). Upon *de novo* review of Defendant's Objections, this Court should reject the Recommendations set out in the Magistrate's Report and Recommendation as unreasonable and inconsistent with controlling law in the Sixth Circuit.

### Standard of Review

Any Report and Recommendation by a Magistrate Judge is subject to *de novo* review by the District Court in light of specific objections filed by any party. See Fed. R. Civ. P. 72(a); *United States Fidelity & Guar. Co. v. Thomas Solvent Co*., 955 F.2d 1085, 1088 (6th Cir. 1992). This Circuit does not apply a harmless error analysis to a District Court's failure to give the Report and Recommendation the required *de novo* review; rather, the review is constitutionally and jurisdictionally mandated under Article III of the Constitution. See *Massey v. City of Ferndale*, 7 F.3d 506, 510-11 (6th Cir. 1993); *Flournoy v. Marshall*, 842 F.2d 875, 878-79 (6th Cir. 1988). Specifically, objections filed by any party to a Magistrate Judge's Report and Recommendation regarding attorney fees is reviewed *de novo*. *McCombs v. Meijer, Inc.,* 395 F.3d 346 (6th Cir. 2005). "A Magistrate Judge is not permitted to determine costs or fees but may make a report and recommendation to the district court on such issues. *Massey v. City of Ferndale,* 7 F.3d 506, 510-11 (6th Cir. 1993). After being presented with the Magistrate Judge's Report and Recommendation, the district court must then conduct a de novo review of the findings and issue an order as it sees fit. *Id*. at 510. The district court cannot simply "concur" in the magistrate's findings, but it must conduct its own review in order to adopt the recommendations. *Id*." (*Id*.)

Defendant's Objections are timely filed. Fed. R. Civ. P. 72(a).

## Argument

**Objection #1:  The Magistrate's Report and Recommendation failed to properly consider the relationship between the limited relief obtained ($4,800) and the attorney fees awarded ($1,012,223, or $211 in attorney fees for every $1 recovered).**

"When an adjustment is requested on the basis of . . . [the] limited nature of the relief obtained by the plaintiff," the court "should make clear that it has considered the relationship between the amount of the fee awarded and the results obtained." *Hensley v. Eckerhart,* 461 U.S. 424, 437 (1983).[1] A district court must "focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Hensley* at 435.

Here, the Magistrate opines (ECF No. 92, PageID.2699) that ICBC "misperceives the significance of the relief SVCC achieved."  Citing to a quote from ECF No. 74, PageID.2103, ¶2, the Magistrate's Report asserts that Judge Jonker's March 7, 2022, summary judgment ruling " 'provide[d] a predicate for all the relief St. Vincent could conceivably seek in the case.' "  That interpretation of the March 7, 2022, Opinion—that SVCC obtained "all the relief" it sought or desired or needed—is clearly erroneous.  That sentence is taken entirely out of context, which concerns only the narrow issue of the community agency grant, not an overall approval of SVCC's

---

[1] SVCC cites *City of Riverside v. Rivera*, 477 U.S. 561, 574 (1986), as "rejecting the proposition that fee awards under §1988 should necessarily be proportionate to the amount of damages a civil rights plaintiff actually recovers."  ECF No. 85-1, PageID.2248.  That argument represents a contextual perversion of *Rivera*'s actual holding:

> **The amount of damages a plaintiff recovers is certainly relevant to the amount of attorney's fees to be awarded under § 1988**. See *Johnson*, 488 F.2d, at 718. It is, however, only one of many factors that a court should consider in calculating an award of attorney's fees. We reject the proposition that fee awards under § 1988 should necessarily be proportionate to the amount of damages a civil rights plaintiff actually recovers. (Emphasis added)

claims, as  Judge Jonker was fully aware that SVCC was not, in the context of the entire case, obtaining "all the relief" it desired.

Moreover, in the very next line, Judge Jonker held:  "The Court does not resolve any remedial issues at this time."  And when it came to remedies, the SOLE remedy SVCC obtained was compensatory damages of $4,800—SVCC was denied compensation for lost staff time, denied tort recovery for damage to its reputation (ECF No. 77, PageID.2202-3, 2206-7), denied a declaratory judgment (*id*., PageID.2209), and denied a permanent injunction (*id.* PageID.2211-12).  SVCC also was on the wrong end of summary judgment as to the interpreter services contract (*id*., PageID.2209, citing ECF No. 36).  Thus, IN CONTEXT, the statement that  the March 7, 2022, summary judgment ruling " 'provide[d] a predicate for all the relief St. Vincent could conceivably seek in the case' " cannot be properly posited to mean that SVCC completely vindicated all of its claims of damages resulting from its denial of religious rights so that the actual, extraordinarily limited relief obtained (again, 4,800) warrants 1,890.6 hours of attorneys fees.

SVCC could properly be limited to not more than 10 times the amount recovered, or $48,000.  *Neff v. General Motors Corp.*, 163 F.R.D. 478, 484 (E.D. Pa. 1995).  But an award of $211 for each dollar recovered is patently unreasonable.

**Objection #2:  In accepting SVCC's claim for 1,890.6 attorney hours, the Magistrate's Report and Recommendation erred by awarding fees for unsuccessful (and unrelated) claims while ignoring the fact that ICBC's Attorneys, non-specialists in civil rights litigation, expended only 613.4 hours, and $104,025 in attorney fees, to successfully defend 6 of 7 principal claims advanced by SVCC.**

The Magistrate's Report and Recommendation accepts uncritically Becket's self-aggrandizing claims to be preeminent specialists with an extraordinary command of the law on religious freedom.  Yet, there is an unrecognized disconnect in that the Report finds that it reasonable to compensate for more than 3X the number of hours expended by the non-specialists

who successfully defended 6 of the 7 principal claims advanced by SVCC[2]. SVCC's weeding out 635 hours before arriving at a submitted figure of 1,890.6 hours cannot mean their claimed hours are devoid of excess—and therefore "unreasonable"—time. The Magistrate's Report simply ignores the fact that ICBC's Attorneys, non-specialists (who billed their time at a fraction of the rates the Magistrate proposes to allow Becket's Attorneys—Bonnie Toskey and Sarah Osburn each charged $150-$190 per hour, paralegal Gwen Kamm $85/hour—ECF No. 88-2, PageID.2459, 2470, 2495) successfully defended every claim and request for relief advanced by SVCC with the sole exception of compensatory damages of $4,800, all while necessitating *less* than one-third the hours claimed to be necessary by Becket and allowed by the Magistrate's Report, and an average hourly rate of just under $190. No reason appears why the Beckett Attorneys, who prevailed on 1 of 7 major claims, should receive 10 times the fees of Counsel for ICBC. Either the Beckett Attorneys are not as knowledgeable and skilled as they portray themselves, or their professional services must be questioned as inefficient and duplicative. Reducing the Becket hours claimed by 2/3 across the board would be reasonable under these circumstances. *Hudson v. Reno*, 130 F.3d 1193, 1209 (6th Cir. 1997), abrogated on other grounds by *Pollard v. E.I. du Pont de Nemours & Co.*, 532 U.S. 843 (2001) (affirming 25% reduction in fees for duplication of costs); *Richard v. Caliber Home Loans, Inc.*, 832 Fed.Appx. 940, 948 (6th Cir. 2020) (affirming 50% reduction in fees for billing deficiencies).

---

[2] ICBC's Attorney billed a total of $119,687 for 643.5 hours, but 30.1 hours concerned SVCC's attorney fee claim and possible appeal (ECF No. 88-2, PageID.2495-2498), so subtracting those hours leaves $104,025 and 613.4 hours.

The Magistrate's Report completely ignores ICBC's demonstration (ECF No. 88, PageID.2443-2446)[3] that Becket Attorneys worked with gross inefficiency, not only duplicating unproductive hours on top of unproductive hours, but including hours for discovery amassed after the fact, or by attorneys who did not participate in discovery to "study" the applicable law. Excessive, redundant, and otherwise unnecessary hours are to be excluded from the lodestar fee. *Hensley*, 461 U.S. at 233.  SVCC also failed to remove hours related to the meritless claims it lost, and which were so readily distinguishable that Judge Jonker summarily dismissed those claims 18 months before resolving the single claim relating to the 2020 Community Grant Program (ECF No. 36, issued September 18, 2020, vs ECF No. 74, issued March 7, 2022) in SVCC's favor.

The Magistrate's Report also fails to recognize that of the 1,890.6 hours claimed by Becket (and fully allowed by the Magistrate's Report), the bulk is attributable to meritless unsuccessful claims which are not based on a common core of facts as compared to the singular successful claim.  Failure to differentiate hours as between compensable and non-compensable work is reversibly erroneous, although ICBC recognizes that the task may be nigh impossible due to Becket's practice of lumping hours for multiple purposes into single entries.  See *U.S. Structures, Inc. v. J.P. Structures, Inc.*, 130 F.3d 1185, 1193 (6th Cir. 1997).

Work on "unsuccessful claim[s] cannot be considered to have been expended in pursuit of the ultimate result achieved when SVCC has presented distinctly different claims for relief based on different facts and legal theories." (ECF No. 77, PageID.2204, citing *Imwalle v. Reliance Metal*

---

[3] The Magistrate's Report—despite acknowledging the difficulty of making an individualized assessment of each time entry (ECF No. 92, PageID.2698—rejects out of hand (*id*., PageID.2699) ICBC's contention that, given the word limits imposed by L.Civ.R. 7.3(b)(1), there was insufficient space to parse every line of Becket's hundreds of time entries.  But the Magistrate fails to acknowledge the detailed and entry-specific analysis of ICBC (ECF No 88, PageID.2443-46), except to demean it as "conclusory" or mystically "insufficient".

*Products, Inc.*, 515 F.3d 531, 552 (6th Cir. 2008)). The contract claims related to events occurring November 4 and 12, 2019 (ECF No. 36, PageID.941-943); the grant claim focused on events of November 18 and 26, 2019 (ECF No. 1, PageID.21). Thus, unsuccessful contract claims do not "share a common core of facts" with the successful Community Agency Grant claim. *O'Brien v. Ed Donnelly Enterprises, Inc.*, 575 F.3d 567 (6th Cir. 2009); *Hensley*, 461 U.S. at 435-6. The two distinct claims also do not share a common set of legal principles—one featured SVCC's claim that future Refugee/Interpreter Services Contracts were jeopardized by sentiments expressed by a minority of Ingham County Commissioners, despite a majority readily approving contract extensions *exactly* as SVCC desired, while the other focused on actual denial of a grant application by ICBC majority vote. Thus, hours devoted to failed Refugee/Interpreter Services Contract issues are not properly compensable—indeed, Beckett filed such claims *after* the contract it sought was approved in full. Yet, Becket aggregates all hours together, and the Magistrate's Report purports to reward this impropriety—after Judge Jonker twice cautioned SVCC and Becket about prior efforts to resurrect rejected claims by surreption, and flatly rejected such attempts (ECF No. 77, PageID.2204, 2205).

**Objection #3:   The Magistrate's Report and Recommendation erred in allowing unreasonable hourly rates for attorney fees.**

The Magistrate's Report proposes the award of attorney fees at the 95th percentile—notwithstanding that Becket Attorneys failed to prevail on 6 of the 7 major issues and claims—and meanwhile opines that civil rights litigation warrants higher hourly rates up to $600.  The Magistrate's Report cites to no prior case, precedential or otherwise, where hourly rates at the 95th percentile level were awarded to attorneys who lost 6 of the 7 major rulings in a case.

6

First, according to the 2020[4] State Bar of Michigan Economics of Law Practice Desktop Reference (p. 10), the 95th percentile rate for civil rights attorneys is $550.[5] But, the mean rate is $332.

The Magistrate's Report again rejects out of hand any consideration of the mean rate—which is clearly contrary to controlling case law. The rule is that the appropriate hourly rate is that which suffices to attract "competent counsel". *Lensing v. Potter*, 2015 W.L. 10892073 (W.D. Mich. 2015), citing *Hensley*, 461 U.S. at 444 (citing legislative history for §1988); *Perdue v. Kenny A ex rel. Winn*, 559 U.S. 542, 552 (2010) ("First, a 'reasonable' fee is one sufficient to induce a capable attorney to undertake representation of a meritorious civil rights case."). Becket, which has the burden of proof, adduced no evidence that Michigan-based civil rights attorneys who bill at the mean or average rate (or any other rate less than $550) are not competent. As held in *Adcock-Ladd v. Secretary of Treasury,* 227 F.3d 343, 350 (6th Cir. 2000) (citing *Blum v. Stenson*, 465 U.S. 886, 895 (1984)), when out of state lawyers accept representation, they agree to be compensated according to customary, local fee standards within the forum court's territorial jurisdiction. Becket produced no evidence to suggest that the 214 Michigan-resident members of the State Bar of Michigan's Religious Liberty Law Section all bill their time at the 95th percentile rate of $550 per hour. ICBC's Attorneys, non-civil rights specialists, out-performed the Beckett team at an average hourly rate of $190 (see footnote 2 above). Notwithstanding the putative renown of Becket

---

[4] Although the Magistrate's Report is dated 2024, the work for which compensation is sought began in 2020, and it is 2020 rates that are appropriately considered.

[5] This table flatly contradicts the Magistrate's assertion (ECF No. 92, PageID.2697) that "the Michigan Bar Survey indicates that attorneys who regularly handle civil rights cases charge hourly rates higher than those attorneys engaged in general civil litigation." The 95th percentile rate for civil rights work is $550, while the 95th percentile rate for civil litigation is $600.

Attorneys, they are nevertheless only entitled to the market rate in Western Michigan, which averages $332.  *Coulter v. Tennessee*, 805 F.2d 146, 149 (6th Cir. 1986).

And even then, hourly rates are to be adjusted to account for experience, so $332 is the maximum for Becket's lead counsel, and all others should receive a lower fee.  *Hadix v. Johnson*, 65 F.3d 532, 536 (6th Cir. 1995) (award of $250/hour to lead counsel held an abuse of discretion, but $150/hour for lead counsel, $135/hour for secondary counsel held reasonable, citing *Coulter*). Only Ms. Windham has as much as 15 years of experience. Any fee award must be calculated for each attorney, precisely because different levels of experience justify different hourly rates.

In support of the $600 per hour rate, the Magistrate asserts (ECF No. 92, PageID.2696-7), without supporting analysis or authority, that this case involved "novel and complex" legal issues. Assuming such to be true, it was the issues SVCC lost that were "novel and complex," if any. Nothing about a simple claim of First Amendment retaliation is novel (ECF No. 74, PageID.2909-2091), and nothing about the facts of this case was complex (*id*., PageID.2091-2095)—after all, the determinative facts are matters of public record readily produced in transcripts prior to the filing of this case.  No unusual skill was needed to identify or ferret out the controlling facts or law already well known to Becket at the outset of the case.  Indeed, Becket's unique expertise in religious freedom was one of the very factors cited by SVCC in its need to employ counsel from Washington D.C.  Becket had represented SVCC in *Buck v. Gordon*, Case No. 1:19-cv-0286 (W.D. Mich.) (ECF No. 92, PageID.2690).

## Conclusion

For all of the above arguments, Defendant requests that the Court reject the Recommendations set out in the Magistrate's Report and Recommendation as unreasonable and inconsistent with controlling law in the Sixth Circuit.

Respectfully submitted,

Dated: February 27, 2024     By: <u>/s/ Bonnie G. Toskey</u>

Bonnie G. Toskey (P30601)
Sarah K. Osburn (P55539)
Cohl, Stoker & Toskey, P.C.
Attorneys for Defendant
601 N. Capitol Avenue
Lansing, MI 48933
(517) 372-9000
btoskey@cstmlaw.com
sosburn@cstmlaw.com

9

**CERTIFICATE OF COMPLIANCE**

Bonnie G. Toskey (P30601) certifies, under L.Civ.R. 7.2(b)(i), that this Objection contains 2,603 words, inclusive of headings, footnotes, citations and quotations, as counted by Microsoft Word 365, the word processing software used to create this Objection.

Dated:  February 27, 2024                    By: ___/s/ Bonnie G. Toskey_____
                                                   Bonnie G. Toskey (P30601)

N:\Client\Ingham\Litigation\St Vincent Catholic Charities\Pleadings\Objections to Atty Fee R&R\Objections to ECF No 92 Magistrate's Report and Recommendation - Final 2.27.2024.docx